(No. 51863 )
(No. 51947 )

THE BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES FOR CHICAGO STATE UNIVERSITY, Petitioner, v. THE ILLINOIS FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Respondents.—ROYAL CROWN BOTTLING COMPANY OF CHICAGO, Appellant, v. THE ILLINOIS FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Appellees.

*Opinion filed November 21, 1979.—Rehearing denied February 1, 1980.*

144

Dunn, Brady, Goebel, Ulbrich, Morel, Kombrink & Hundman, of Bloomington (Richard T. Dunn and Kenneth G. Kombrink, of counsel), for petitioner.

William J. Scott, Attorney General, of Springfield

(Russell C. Grimes, Jr., Assistant Attorney General, of Chicago, of counsel), for respondents Illinois Fair Employment Practices Com. *et al.*

Randolph N. Stone, of Mandel Legal Aid Clinic, of Chicago, for respondent Dr. Nahum Zackai.

Ronald Wilder and Bennett L. Epstein, of Aaron, Aaron, Schimberg & Hess, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (Russell C. Grimes, Jr., Assistant Attorney General, of Chicago, of counsel), for appellees.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

These consolidated cases present the question, first considered by this court in *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, whether the Fair Employment Practices Commission (FEPC) is empowered to issue a complaint against an employer more than 180 days after the filing of an unfair employment practices charge.

Section 8.01(a) of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)), prior to its amendment (see Pub. Act 80–1452, effective Sept. 16, 1978; Pub. Act 80–1455, effective Sept. 16, 1978), provided in part:

"Whenever such a charge of an unfair employment practice has been properly filed, the Commission, within 180 days thereof or within any extension of that 180 day period agreed to in writing by all parties and approved by a member of the Commission, shall either issue and serve a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. ***"

In cause No. 51863, a charge of unfair employment

practice was filed with the FEPC on November 30, 1976, alleging that petitioner, the Board of Governors of State Colleges and Universities for Chicago State University, wrongfully refused to permit respondent Nahum Zackai to rescind a letter of resignation. On June 22, 1978, more than a year after the expiration of the 180-day statutory period, the FEPC issued a complaint against petitioner seeking reinstatement and back wages. Petitioner moved to dismiss the complaint, asserting that it was barred by section 8.01(a) of the Act. The hearing officer for the FEPC denied the motion and ordered petitioner to answer the complaint. We allowed petitioner's motions for leave to file a petition for writ of prohibition and to stay the FEPC proceedings. Respondents moved to dismiss, and their motions were taken with the case.

Cause No. 51947 involves a charge filed with the FEPC by Werner Herb on March 22, 1976, alleging that plaintiff, Royal Crown Bottling Company of Chicago, discriminated against him because of a physical handicap. On October 4, 1978, more than two years after the expiration of the 180-day statutory period, the FEPC issued a complaint. Plaintiff's motion to dismiss the complaint was denied by the hearing officer. Plaintiff filed an action in the circuit court of Cook County seeking to enjoin the FEPC from proceeding. The circuit court denied preliminary injunctive relief. Plaintiff appealed to the appellate court, and we allowed its motion for direct appeal (58 Ill. 2d R. 302(b)). We also allowed the motion of Werner Herb that he be either added as an indispensable party or allowed to intervene as a party defendant.

We consider first the contention of defendant Herb that plaintiff's request for an injunction should be denied because it had failed to exhaust its administrative remedies and that it had an adequate remedy at law. He argues that the only administrative decision made in this matter is the interlocutory order of the hearing officer denying Royal Crown's motion to dismiss, that the order is not final, and

that review of the Commission's final order can be had only under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 48, par. 861). Citing a number of authorities (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350; *Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31; *People ex rel. Naughton v. Swank* (1974), 58 Ill. 2d 95; *Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33), he argues that "to allow this case to proceed in the courts would be to allow Royal Crown to circumvent the statutory review procedures provided in the FEPA by the General Assembly."

The authorities cited are clearly distinguishable and apposite here is our holding in *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541. In that case the plaintiff brought an action seeking a declaratory judgment that a procedural rule of the Board was not authorized under the Environmental Protection Act. In deciding that the plaintiff was not required to exhuast its remedies, we said:

> "This court has held that where an administrative rule asserting administrative authority is challenged on its face as not authorized by the enabling legislation, exhaustion is not required. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548.) Exhaustion is not required where a statute or rule under which an administrative body purports to act is challenged as unauthorized, since the judicial determination will affect the jurisdiction of the administrative body in all matters, not only in the instant circumstances (see *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552).
>
> The purposes for the exhaustion requirement are not served where an administrative assertion of authority to hear or determine certain matters is attacked on its face on the grounds that the

assertion of jurisdiction is not authorized by statute. *** Where an agency's statutory authority to promulgate a rule and exercise jurisdiction is in issue, no questions of fact are involved. The agency's particular expertise is not implicated in statutory construction. Further, there is virtually no chance the aggrieved party will succeed before an agency where the issue is the agency's own assertion of authority. ***

We conclude that where an administrative body's assertion of jurisdiction is attacked on its face and in its entirety on the ground that it is not authorized by statute, exhaustion of administrative remedies and compliance with the Administrative Review Act is not required. Under these circumstances the judicial determination involves a question of law which will affect the jurisdiction of the administrative body in all cases and will hasten the administration of justice." 74 Ill. 2d 541, 550-51.

Citing *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, petitioner and plaintiff contend that, in issuing complaints more than 180 days after the filing of the charges, the FEPC had exceeded its statutory authority. It is the contention of the defendants that under our holding in *Springfield-Sangamon* the FEPC was authorized to issue the complaints, and in ruling on the motions to dismiss was empowered to make a case-by-case determination of the question whether the failure to file within the 180-day period was prejudicial to the employer.

Defendants' argument, in part, rests on the fact that in *Springfield-Sangamon* the court did not overrule *Moss-American, Inc. v. Illinois Fair Employment Practices Com.* (1974), 22 Ill. App. 3d 248, but held it to be inapposite. (71 Ill. 2d 61, 72.) The question presented in *Moss-American* was whether the 180-day period expired on

November 2, 1968, or November 9, 1968. The hearing officer and the FEPC determined that the period expired on the latter date (22 Ill. App. 3d 248, 253) and the appellate court was not required to decide the question whether the FEPC exceeded its authority in issuing the complaint. Although the court in *Springfield-Sangamon* made reference to "waiver, estoppel and extension by the parties" (71 Ill. 2d 61, 69), the record presented no such issues. A judicial opinion is authority only for what is actually decided (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305; *Village of Lombard v. Illinois Bell Telephone Co.* (1950), 405 Ill. 209), and the clear and unequivocal holding of *Springfield-Sangamon* is that "the 180-day period prescribed in the statute was intended to ensure expeditious action on behalf of the FEPC, and must be considered mandatory." 71 Ill. 2d 61, 68.

From our examination of the statute we conclude that the legislative intent was that the complaint be filed within 180 days of the charge and that absent an extension of the 180-day period agreed to in writing by all parties, and approved by a member of the FEPC, the filing of the complaint subsequent to the expiration of that time was unauthorized. We need not consider the question whether conduct other than an agreement in writing may be sufficient to extend the period, since the record presents no such question and, in each instance, the motions to dismiss filed with the FEPC show clearly that the limitation was not waived.

The parties have argued the question whether, under the circumstances presented, the issuance of a writ of prohibition is appropriate. The rule governing issuance of the writ of prohibition is stated in *People ex rel. Town Court v. Harrington* (1961), 21 Ill. 2d 224, 226, wherein the court said: "A writ of prohibition is an extraordinary judicial process whereby a superior court may prevent inferior tribunals or persons from exercising a jurisdiction

with which they have not been vested by law." Its use is equally appropriate to prevent further proceedings when failure to act within the period fixed by statute renders void the actions of an administrative agency. See *Cummings v. Daley* (1974), 58 Ill. 2d 1; *Szkirpan v. Board of Education* (1975), 29 Ill. App. 3d 1047.

For the reasons stated it is ordered that in cause No. 51863 the writ of prohibition be issued, and that in cause No. 51947 the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*51863 - Writ awarded.*

*51947 - Reversed and remanded.*