(No. 76-CC-2913–)

ARTHUR D. RELFORD and FAIR EMPLOYMENT PRACTICES COMMISSION, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 19, 1980.*

*Order on rehearing filed August 13, 1980.*

CORNFIELD AND FELDMAN (CLIFFORD SCOTT-RUDNICK, of counsel), for Claimants.

HOLDERMAN, J.

This matter coming on to be heard upon the motion of Respondent to dismiss Claimant's complaint and, it appearing to the court that Claimant has received due notice of said motion, and, the court being fully advised in the premises:

The court finds that the complaint herein is based upon an order and decision of the Fair Employment Practices Commission pursuant to an F.E.P.C. complaint filed 281 days after the alleged charge was filed and that *Board of Governors v. Fair Employment Practices Commission* (1979), 78 Ill. 2d 143, is controlling.

It is hereby ordered that the motion of Respondent be and the same is hereby granted and the complaint be and is hereby dismissed.

## ORDER ON REHEARING

HOLDERMAN, J.

This matter comes before the Court upon the motion of Claimant to vacate and petition for rehearing and Respondent's motion to strike Claimant's motion to vacate and petition for rehearing.

The substance of Claimant's motion to vacate and petition for rehearing is that there was not a motion to dismiss pending before the Court at the time the Court entered its order of May 19, 1980. In order to clarify the situation and to remove any procedural questions, the Court now enters the following order:

That of its own motion, said cause shall be dismissed. The Court cites the case of *Joliet Mass Transit District v. Illinois Fair Employment Practices Commission* (1980), 85 Ill. App. 3d 270.

The Court, in its findings in the above case, reaffirmed the *Board of Governors* case and the *Springfield-Sangamon* case dealing with a similar situation and reiterated its previous finding "that the legislative intent was that the complaint be filed within 180 days of the charge and that absent an extension of the 180 day period agreed to in writing by all parties, and approved of by a member of the FEPC, the filing of the complaint subsequent to the expiration of that time was unauthorized."

Respondent's motion to strike Claimant's motion to vacate and petition for rehearing is hereby granted and this cause is dismissed.