JOLIET MASS TRANSIT DISTRICT, Plaintiff-Appellee, *v.* ILLINOIS FAIR EMPLOYMENT PRACTICES COMMISSION, Defendant-Appellant.

Third District   No. 79-984

Opinion filed June 23, 1980.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellant.

Robert R. Gorbold, of Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This appeal is taken by the defendant, Illinois Fair Employment Practices Commission (FEPC), from a declaratory judgment issued by the Circuit Court of Will County that the FEPC had no jurisdiction to proceed on a complaint it filed against the plaintiff, Joliet Mass Transit District (JMTD), beyond the 180-day time limit outlined in section 8.01 of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)). The relevant statute reads as follows:

"Whenever such a charge of an unfair employment practice has been properly filed, the Commission, within 180 days thereof or

within any extension of that 180 day period agreed to in writing by all parties and approved by a member of the Commission, shall either issue and serve a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent." (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a).)

We are asked to decide whether the trial court's determination was proper, and, specifically, whether the plaintiff, JMTD, was estopped to contest the jurisdiction of the defendant FEPC, where the conduct of the plaintiff's agents allegedly induced the defendant to delay the filing of its complaint beyond the 180-day time period.

The basis of the complaint was a charge of unfair employment practice filed with the FEPC by Samuel E. Pierce on January 20, 1978, against his former employer, the JMTD. Pierce, who had been employed by the JMTD as a bus driver, was discharged on November 14, 1977. According to the JMTD, the basis for Pierce's discharge was his violent nature, as evidenced by a November 9, 1977, report that he carried a gun while operating a JMTD bus; that he had to be forcibly removed from a union meeting on November 10, 1977, following a violent outburst; and that he had threatened police officers with a gun, which had to be wrestled away from him before he was placed under arrest for aggravated assault. (The latter incident was reported in the Joliet Herald newspaper on November 10, 1977.) The complaint filed by Pierce, who is black, with the FEPC alleged that his discharge, though based on his arrest record, was racially motivated.

Pursuant to the requirements of section 8.01 (Ill. Rev. Stat. 1977, ch. 48, par. 858.01), the FEPC commenced an investigation of Pierce's allegations. Susan Baxter, an FEPC investigator, met with James Bradley, an attorney acting as the JMTD representative, on March 17, 1978. At that meeting, according to testimony given by Attorney Bradley, the FEPC was told that the JMTD declined to agree on any extensions of the 180-day statutory period. On June 16, 1978, the FEPC notified the JMTD via letter that it had found substantial evidence to support Pierce's complaint. At that time, pursuant to statutory directives (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)), the FEPC initiated efforts to reach a settlement of the matter. On June 26, 1978, the FEPC staff attorney, Richard Bordelon, forwarded a settlement offer to the JMTD representative, James Bradley. Three days later, Bordelon and Bradley discussed the settlement offer, and Bordelon broached the subject of extending the time for the FEPC to file its complaint, beyond the 180-day period, which would expire on July 19, 1978. Bradley responded that he would consult his client and get back to Bordelon.

Between the June 29, 1978, discussion between Bradley and Bordelon

and August 11, 1978, the JMTD did not respond to the FEPC offer. There is some dispute regarding the number and dates of calls made by Bordelon to Bradley regarding the settlement offer and possible extensions of time during this period. However, following an August 11, 1978, telephone conversation, the FEPC prepared and filed its complaint on August 14, 1978, 25 days after the expiration of the statutory time period.

On these facts the defendant FEPC contends that it did not lose jurisdiction over the JMTD to determine whether a violation of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et seq.*) had occurred by its failure to file a complaint within the 180-day statutory time period; and, specifically, that the JMTD is estopped to contest the jurisdiction of the FEPC where the conduct of agents for the JMTD induced the FEPC to delay filing the complaint on the belief that the matter could be settled. We disagree.

*Board of Governors v. Illinois Fair Employment Practices Com.* (1979), 78 Ill. 2d 143, 399 N.E.2d 590, handed down by the Illinois Supreme Court on November 21, 1979, is controlling here. In that case, the court addressed the central issue now before this court: whether the FEPC is empowered to issue a complaint against an employer more than 180 days after the filing of an unfair employment practices charge. In addressing that issue, the court concluded that "the legislative intent was that the complaint be filed within 180 days of the charge and that absent an extension of the 180-day period agreed to in writing by all parties, and approved of by a member of the FEPC, the filing of the complaint subsequent to the expiration of that time was unauthorized." 78 Ill. 2d 143, 149, 399 N.E.2d 590, 593.

In so holding in *Board of Governors*, the court relied on *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307, for the proposition that the 180-day period prescribed in the statute was intended to ensure expeditious action on behalf of the FEPC and must be considered mandatory. Suggestions made in *Springfield-Sangamon* that the 180-day period, being a statute of limitations, is subject to waiver, estoppel, and extension by the parties were dismissed as dicta. 71 Ill. 2d 61, 69, 373 N.E.2d 1307, 1310.

An appellate court decision, *Moss-American, Inc. v. Illinois Fair Employment Practices Com.* (1974), 22 Ill. App. 3d 248, 317 N.E.2d 343, not specifically overruled by *Springfield-Sangamon*, was distinguished in *Board of Governors*. One of the questions before the court in *Moss-American* was whether the FEPC had exceeded its authority in issuing a complaint allegedly issued beyond the 180-day time period. The court was not required to answer that question, however, as a determination

was made that the 180-day period had not expired prior to the filing of the complaint. 22 Ill. App. 3d 248, 253, 317 N.E.2d 343, 347.

■■ The holdings of both *Springfield-Sangamon* and *Board of Governors* clearly indicate that, absent a signed agreement between the parties and approved by a member of the FEPC, the 180-day statutory time period is mandatory. In the case at bar no signed agreement was made between the parties, and, on that basis, we conclude that the FEPC lost jurisdiction to file its complaint against the JMTD by its failure to file its complaint prior to the expiration of the statutory time period.

The defendant would have us rely in part on the following language found in *Board of Governors* and find that the JMTD was estopped to deny the FEPC jurisdiction to file its complaint because agents of the JMTD induced the FEPC to delay filing on the belief that a settlement could be reached:

> "We need not consider the question whether conduct other than an agreement in writing may be sufficient to extend the period, since the record presents no such question * * *." (78 Ill. 2d 143, 149, 399 N.E.2d 590, 593.)

The defendant's position is untenable for two reasons. First, the language quoted above is merely dicta, as were the references to estoppel and waiver found in *Springfield-Sangamon*. As such, it cannot serve as the basis for a decision by this court which would contradict the plain meaning of both *Board of Governors* and *Springfield-Sangamon*. Secondly, even if we were to find authority for granting an extension through estoppel or waiver, the defendant here has failed to demonstrate that the basis for equitable estoppel exists in this case.

The burden of proof as to equitable estoppel must be met by clear, precise and unequivocal evidence. (*Stough v. Brach* (1946), 395 Ill. 544, 70 N.E.2d 585; *Stenson v. Stenson* (1977), 45 Ill. App. 3d 249, 359 N.E.2d 787.) To invoke the doctrine, there must be some actual representation upon which the other party may reasonably rely to its detriment. (*Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723.) Furthermore, silence by one party may not serve as a basis for equitable estoppel unless the silent party had an affirmative legal duty to speak or respond. *Lowenberg v. Booth* (1928), 330 Ill. 548, 162 N.E. 191; *Merchants National Bank v. Frazier* (1946), 329 Ill. App. 191, 67 N.E.2d 611.

■■ Applying those principles, on the record herein, we find that the JMTD acting through its agents did not make any representation nor did it conduct itself in such a manner as to induce the FEPC to refrain from filing within the statutory time limit. The evidence presented showed only that the JMTD attorney indicated to the FEPC agent that he lacked authority to agree to any extension and would need to confer with his

client. The fact that the JMTD attorney did not respond in any way to the FEPC's inquiries regarding an extension does not create the basis for an equitable estoppel, since the JMTD attorney was under no legal obligation to respond. In addition, the record shows that the FEPC attorney, Mr. Bordelon, regularly filed complaints on behalf of the FEPC. For this reason, he must have been aware of the passing of the 180-day time period, and the consequences of the failure to file. For these reasons we cannot find that the JMTD was estopped to deny the FEPC's jurisdiction to file a complaint beyond the statutory time period.

The judgment of the Circuit Court of Will County declaring that the FEPC lacked jurisdiction to file a complaint against the JMTD is affirmed.

Affirmed.

SCOTT and STENGEL, JJ., concur.