(No. 53199.—

ZIMMERMAN BRUSH COMPANY, Petitioner, v. THE
FAIR EMPLOYMENT PRACTICES COMMISSION
*et al.,* Respondents.

*Opinion filed September 29, 1980.*

100

Original petition for prohibition.

Howard L. Mocerf and Thomas R. Palmer, of Borovsky, Ehrlich & Kronenberg, of Chicago, for petitioner.

Gary H. Palm and Mark J. Heyrman, of Chicago (Robert L. Cohen, law student, of counsel), for respondent Laverne L. Logan.

William J. Scott, Attorney General, of Springfield (Russell C. Grimes, Jr., Assistant Attorney General, of Chicago, of counsel), for respondents Illinois Fair Employment Practices Com. *et al.*

MR. JUSTICE WARD delivered the opinion of the court:

On November 9, 1979, Laverne Logan was discharged from his employment at the Zimmerman Brush Company (company) in Chicago, on the ground that he was unable to perform his duties on an assembly line due to a physically handicapped left leg. On November 14, Logan filed a charge with the Illinois Fair Employment Practices Commission (Commission) claiming that he had been discriminated against because of his handicap. On January 30, 1980, the company was notified by the Commission to be present at a fact-finding conference set for March 18, 1980, in order to "define the issues, determine which facts are undisputed, obtain evidence, and ascertain whether there is a basis for a negotiated settlement of the charge." The company was also asked to complete a two-page questionnaire regarding the circumstances of Logan's discharge. The company answered the questionnaire and returned it on March 7.

On March 18 the company appeared for the sole purpose of moving to dismiss the charge on the ground that the conference was convened 125 days after Logan's charge was filed, which was beyond the 120-day period provided for in the Fair Employment Practices Act (Ill. Rev. Stat. 1979, ch. 48, par. 858(b)). Since the meeting was not held within the prescribed period, the company said the Commission lost jurisdiction and should dismiss the charge. Upon the oral denial of the motion and the hearing officer's statement that the conference was to proceed, the company refused to participate and left the meeting.

On March 20 the company moved in this court for leave to file a petition for writ of prohibition under Supreme Court Rule 381(a) (73 Ill. 2d R. 381(a)). On March 25 the motion was allowed, briefs were ordered, the proceeding before the Commission was stayed, and oral argument on whether the writ should be allowed was set for June 25. On April 30, Logan filed a second charge with the FEPC which was identical to the first. The Commission notified the company of its intention to proceed with the second charge and the company moved to stay the second proceeding pending a decision on its petition for a writ of prohibition. We allowed the motion to stay.

The controversy here concerns the interpretation to be given section 8(b) of the Fair Employment Practices Act, which provides:

"(b) Within 120 days of the proper filing of a charge, the Commission shall convene a fact finding conference (unless the charge has been withdrawn or dismissed) for the purposes of obtaining evidence, identifying issues in dispute, ascertaining the positions of the parties, and exploring the possibility of a negotiated settlement of the controversy. Notice of such conference shall be given to all parties at least 10 days prior thereto and a default order may be entered against any party who fails to attend such conference without good cause shown." Ill. Rev. Stat. 1979, ch. 48, par. 858(b).

The company contends that the legislature, in providing that the Commission "shall convene" a fact-finding conference within 120 days after a charge has been filed with the Commission, intended to make mandatory the convening of a fact-finding conference within this prescribed time period. It contends further that a failure by the Commission to do so would result in an automatic dismissal of the charge. The Commission's position is that the provision in section 8(b) for convening a conference is only directory and that one may be called beyond the 120-day period. The complainant Logan states that, even if "shall convene" is deemed here to be mandatory, the automatic dismissal of his charge should not be the consequence of the Commission's failure to convene the conference within the prescribed statutory period.

The use of "shall" in a statutory provision does not of itself require that the provision be held to be mandatory rather than directory. One must consider the word within the context of the entire statute, looking particularly to the purpose of the legislation. (See *Miller v. Department of Registration & Education* (1979), 75 Ill. 2d 76, 81; *In re Armour* (1974), 59 Ill. 2d 102, 104; *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 233.) Applying this principle we judge that the legislative direction to convene a fact-finding conference within the 120-day period is a mandatory one.

Section 8(b) was approved and became effective in September of 1978 shortly after this court interpreted the existing section 8(c), which required that the FEPC decide whether or not a complaint "shall" issue within 180 days after receipt of an employee's charge. In *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, this court analogized the 180-day period to a period of a statute of limitations and also noted the financial impact upon an employer who might be confronted by a complaint long

after the alleged unfair employment practice. The court went on to hold that "the 180-day period prescribed in the statute was intended to ensure expeditious action on behalf of the FEPC, and must be considered mandatory." (71 Ill. 2d 61, 68.) It was also observed: "The respondents have the right to expect that the impact of such administrative orders will be minimized by compliance with the statutory time limitations." (71 Ill. 2d 61, 73.) Shortly thereafter in *Board of Governors v. Illinois Fair Employment Practices Com.* (1979), 78 Ill. 2d 143, 149, the decision in *Springfield-Sangamon* was upheld as being "clear and unequivocal," and this court issued a writ of prohibition against the Commission, which had filed a complaint more than two years after the expiration of the 180-day statutory period.

As stated, section 8(b), requiring that "the Commission shall convene a fact finding conference" within 120 days after receiving an unfair employment practices charge, was added to the Act by amendment eight months after the decision in *Springfield-Sangamon.* We consider that the legislature's use again of the term "shall" in section 8(b) indicates an intention that the prescription of a 120-day period be given a mandatory construction. This court has stated that where "previously construed terms in the unamended sections are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given to these terms." (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 86, citing 1A Sutherland, Statutes and Statutory Construction sec. 22.35 (4th ed. 1972).) Though the question here is not identical, the principle of construction is applicable especially where, as here, the term previously construed appears in a later amendment to the same section of the statute. It is a canon of construction that the General Assembly is presumed to know how the courts have interpreted a particular statute and to have acted thoroughly and conscien-

tiously. (See, *e.g., People v. Manning* (1979), 76 Ill. 2d 235, 241. See also 2A Sutherland, Statutes and Statutory Construction sec. 57.05 (4th ed. 1973).) It is reasonable to consider that under these circumstances the legislature intended to adopt the prior construction of "shall."

The Commission would have us hold that the legislative pronouncement is but directory. It argues that the financial impact upon the employer in *Springfield-Sangamon,* when confronted with the prospect of being liable for back pay and interest over an extended period of time, was far greater than whatever impact there might have been here by a delay of five days in scheduling a conference.

We deem that this contention that the conference should be allowed to proceed beyond the 120-day period interprets *Springfield-Sangamon* too narrowly and ignores the goals underlying section 8(b). The fact-finding conference is specifically designed "for the purposes of obtaining evidence, identifying issues in dispute, ascertaining the positions of the parties, and exploring the possibility of a negotiated settlement of the controversy." (Ill. Rev. Stat. 1979, ch. 48, par. 858(b).) Before the provision was added to the Act in 1978 there was no formal opportunity for expeditiously resolving a dispute. The only indication of whether it was deemed that the employee's charge was supported by "substantial evidence" (Ill. Rev. Stat. 1979, ch. 48, par. 858(c)) would be on or before the 180th day after the filing of the charge when the Commission's decision to issue a complaint against the employer or not to issue a complaint was announced.

Under section 8(b) the interests of both employee and employer can be served in that each is given an opportunity to discuss and possibly settle the dispute without formal action being taken against the employer by the Commission. Through a conference, unnecessary costs may

be avoided and the Commission permitted to devote itself to other matters. Even if a settlement is not reached at this stage, the proceeding can be importantly valuable to the Commission in that the conference not only places the Commission in a better posture to decide whether to dismiss the employee's charge, it also aids the Commission in setting up a procedural framework for the conciliatory process which follows. (See Ill. Rev. Stat. 1979, ch. 48, par. 858(c).) The public interest in an expeditious resolution of disputes which is made possible though section 8(b) is not less important than the financial considerations discussed in *Springfield-Sangamon.* Avoiding unnecessary expenditures of time and money by all parties serves to further the stated policy of the Act, which is not only to protect employees from unfair employment practices but also to protect "employers, labor organizations and employment agencies from unfounded charges of discrimination." Ill. Rev. Stat. 1979, ch. 48, par. 851.

That a default order may be entered against a party failing to attend the conference not only illustrates the importance the legislature attached to this stage of the proceedings but also it supports our view that the provision for the convening of a conference within 120 days is a mandatory one. In *Tuthill v. Rendelman* (1944), 387 Ill. 321, 350, the court cited *Clark v. Quick* (1941), 377 Ill. 424, 430, where it was said: "Where terms of the statutes are peremptory and exclusive, where no discretion is reposed or where penalties are provided for its violation, the provisions of the act must be regarded as mandatory."

We cannot adopt the employee's contention that the Commission's failure to convene a fact-finding conference should not result in the automatic dismissal of the action and that the Commission should be allowed to proceed without a conference having been held. To adopt this position would frustrate the purpose of attempting to

facilitate just and expeditious resolutions of employment disputes. The fact-finding conference was clearly intended to be an integral and mandatory phase of the complaint process. Such conferences benefit the Commission, the employee and employer, and, of course, the public interest. Without a required fact-finding conference the Commission would in most instances have to proceed solely on the basis of the employee's charge. Unless the Commission would be able to obtain information regarding the charge from some independent investigation its decision of whether or not to file a complaint would hardly be an informed one.

The Commission and Logan also contend that the company waived its right to object to the Commission's decision to proceed with the conference on the 125th day and also is estopped from claiming that the Commission has lost jurisdiction over the dispute. The contention is founded upon the company's response to the Commission's questionnaire regarding the circumstances of the employee's discharge. The questionnaire was filed with the Commission on March 7, six days before the 120-day period had expired and 11 days before the date on which the conference was actually convened on March 18.

The contention must be denied. The company simply complied with the Commission's direction or request in completing the questionnaire. Had it not done so, as the company points out, it would have been responsible for delaying the proceeding. Too, it is not shown that the company was aware that the 120-day period under section 8(b) would expire before the scheduled date of the conference. We do not find a basis for estoppel or waiver. See generally *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365; *Levin v. Civil Service Com.* (1972), 52 Ill. 2d 516; *Lowenberg v. Booth* (1928), 330 Ill. 548; *Town & Country Bank v. James M. Canfield Contracting Co.* (1977), 55 Ill. App. 3d 91.

We also are not persuaded by the employee's protests that his rights to due process and equal protection were violated. The statutory scheme here was to provide, through administrative and judicial channels, a means of relief from discriminatory employment practices. The legislature could establish reasonable procedures to be followed upon a charge, and the observance of them here did not violate his constitutional rights.

The employee makes two other arguments. He says that the question regarding his charge against the company has been mooted because he filed a second and identical charge against the company before the 180-day statutory period within which a charge must be filed had expired. This, he argues, allows the Commission to proceed as if the first charge had never been filed. He further contends that the second charge is governed by the Illinois Human Rights Act, which became effective on July 1, 1980. (Ill. Rev. Stat., 1979 Supp., ch. 68, par. 1—101 *et seq.*). Logan directs attention to section 7—102(C)(3), which he says makes the convening of a fact-finding conference discretionary with the Commission. That section provides:

"Upon reasonable notice to the complainant and the respondent, the Department may conduct a fact-finding conference. The fact-finding conference shall be held within 120 days of the date on which a charge has been filed unless waived by the parties in writing 10 days before the 120 day period has expired." Ill. Rev. Stat., 1979 Supp., ch. 68, par. 7—102(C)(3).

The argument ignores the principle that a statute will be given prospective application unless there is a clear expression of legislative intent that it is to be retroactively applied. (See, *e.g., People ex rel. American Federation of State, County & Municipal Employees v. Walker* (1975), 61 Ill. 2d 112; *Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, *cert. denied* (1975), 420 U.S. 975, 43 L. Ed. 2d 655, 95 S. Ct. 1398; *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423.) It is evident there is

nothing in the above-quoted section to require or permit retroactive application.

Too, this controversy was not made moot by the employer's filing a second charge with the Commission. As the complainant interprets the Act, as long as the 180 days within which he may file a charge with the Commission under section 8(a) have not expired, he is entitled to file another charge. To be consistent, it would seem he would have to contend that this would be so regardless of the fact that the Commission had dismissed an earlier charge or, as in this case, had failed to convene a fact-finding conference within 120 days, which resulted in the dismissal of the charge. To allow such interpretation, however, obviously would frustrate the design of sections 8(a) and 8(b) and, in a case such as this one, would allow the Commission, despite its failure to comply within the Act, to proceed on an identical charge after the first charge had already expired or suffered dismissal. Not only would an employer's rights be prejudiced if an employee were allowed to file a second and successive charge, but also the public interest in promoting an expeditious resolution of charges would be circumvented. In view of the foregoing discussion, the Commission is prohibited from proceeding with the second charge filed by the complainant.

For the reasons given, the petition for writ of prohibition is allowed.

*Writ awarded.*