LOUIS FRANKS, Plaintiff-Appellant, v. JOYCE TUCKER, Director of the Illinois Department of Human Rights, *et al.*, Defendants-Appellees.—ARTHUR MEAD, Plaintiff-Appellant, v. JOYCE TUCKER, Director of the Illinois Department of Human Rights, *et al.*, Defendants-Appellees.—ANNIE MAE RUFFIN, Plaintiff-Appellant, v. JOYCE TUCKER, Director of the Illinois Department of Human Rights, *et al.*, Defendants-Appellees.

First District (1st Division) Nos. 84—137 through 84—139 cons.

Opinion filed March 29, 1985.—Rehearing denied May 2, 1985.

Gary H. Palm, Jean P. Kamp, and Jerome Meites, all of Edwin F. Mandel Legal Aid Clinic, of Chicago, and Jeffrey Alperin, law student, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Jeffrey W. Finke, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:
These appeals arise out of three separate actions for writs of

*mandamus* to compel defendants, the Illinois Department of Human Rights and its Director, Joyce Tucker, to file complaints of employment discrimination with the Illinois Human Rights Commission. The trial court dismissed all three *mandamus* actions, and the separate appeals were consolidated for review. On appeal, plaintiffs contend they are entitled to writs of *mandamus* as a matter of law because the Department of Human Rights failed to take any action on their claims within the time frame mandated by statute. Defendants request that these appeals be dismissed because the trial court's orders are not final, because the plaintiffs failed to exhaust their administrative remedies, because the cases are moot, and because the cases are barred by the doctrine of sovereign immunity. We find we have jurisdiction to hear two of these cases and affirm the judgments of the trial court. The remaining appeal we dismiss for lack of jurisdiction.

Since these cases all involve defendants' obligations under the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), some analysis of that statute is required in order to fully understand the proceedings below. The Act is Illinois' general antidiscrimination statute and prohibits discrimination on the basis of such factors as race, sex, and religion. (Ill. Rev. Stat. 1981, ch. 68, par. 1—102(A).) Claims filed under the Act are initially processed by the Illinois Department of Human Rights (Department), whose primary function is to screen out frivolous cases. The statute requires that the complainant file his charge with the Department within 180 days from the date of the discriminatory conduct (Ill. Rev. Stat. 1981, ch. 68, par. 7—102(A)) and that within 10 days of filing, the Department serve a copy of the charge on the respondent (Ill. Rev. Stat. 1981, ch. 68, par. 7—102(B)). Thereafter, the Department is required to conduct a "full investigation of the allegations set forth in the charge," which may include a fact-finding conference. Ill. Rev. Stat. 1981, ch. 68, par. 7—102(C).

After completing this investigation, a Department investigator prepares a report for the Director, who must determine if there is "substantial evidence" supporting the charge. (Ill. Rev. Stat. 1981, ch. 68, par. 7—102(D).) If the Director resolves this question against the claimant, the charge is dismissed. However, if the Director determines there is substantial evidence and the parties cannot settle the claim through conciliation, then the Department prepares a written complaint stating the nature of the alleged civil rights violation and files it with the Illinois Human Rights Commission (Commission). The Commission acts as an adjudicatory body determining the merits of the complainant's charge and awarding the appropriate relief. (Ill.

Rev. Stat. 1981, ch. 68, par. 8—106.) Of particular relevance to the cases at bar are the provisions of section 7-102(G) of the Act which impose a maximum time limit within which the Department must either issue a complaint to the Commission or dismiss the complainant's charge. This section provides in relevant part:

> "When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof *** *shall* either issue and file a complaint in the manner and form set forth in this Section or *shall* order that no complaint be issued." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 68, par. 7—102(G).

Here, all three plaintiffs had initially filed charges of employment discrimination against their employers. In each case, the Department failed to make a finding whether there was substantial evidence to support the charge within the 300-day statutory period. Plaintiffs then brought separate actions for writs of *mandamus*, claiming that section 7—102(G) requires the Department to automatically issue complaints to the Commission unless the Department finds there is no substantial evidence to support the charge within the 300-day deadline. The trial court found that it had no authority to order the Department to issue a backdated complaint which would bring the Department's action within the 300-day deadline. The court also found that the 300-day requirement set forth in section 7—102(G) was only directory, not mandatory, and therefore it refused to grant the writs of *mandamus*. In the cases of plaintiffs Franks and Ruffin, the trial court also found the causes moot because the Department had found lack of substantial evidence for issuance of complaints after plaintiffs had filed their *mandamus* actions.[1] The trial court dismissed the cases, stating in both instances:

> "[T]his cause is dismissed with prejudice but without prejudice to plaintiff to pursue any available administrative review remedies under the Human Rights Act, and without costs to either side. There is no just reason for delaying appeal of this cause."

In the case of plaintiff Mead, the Department had still failed to take any action on her employment discrimination charge. The trial court dismissed Mead's action, stating:

> "[T]his cause is dismissed without prejudice and with leave to refile if defendant fails to act within 45 days of entry of this order."

---

[1]The Department subsequently reversed its decision and issued complaints with the Commission on behalf of both plaintiffs.

▉▉ We will first address defendants' jurisdictional argument that the orders appealed from are not final. A final order is one which either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*People v. Illinois Commerce Com.* (1983), 114 Ill. App. 3d 384, 448 N.E.2d 986.) The mere inclusion of a finding that there is no just reason for delaying enforcement or appeal will not render an otherwise nonfinal order appealable. (*Levy v. Metropolitan Sanitary District* (1981), 100 Ill. App. 3d 714, 715, 427 N.E.2d 377, *aff'd* (1982), 92 Ill. 2d 80, 440 N.E.2d 881.) A dismissal with prejudice or without further leave to amend is final and appealable. *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 918, 400 N.E.2d 711.

▉▉ Defendants contend that the orders entered in plaintiffs Franks' and Ruffin's cases are not final because the causes were dismissed without prejudice to plaintiffs' rights to pursue their administrative remedies for their underlying discrimination claims. However, defendants ignore those portions of the orders dismissing plaintiffs' *mandamus* complaints with prejudice. From the inclusion of this language, we must conclude that the trial court's order was intended to fix absolutely and finally plaintiffs' rights to the requested *mandamus* relief. Accordingly, we find that final judgments were entered on the issues presented by the pleadings in these two cases, and we, therefore have jurisdiction to hear these appeals. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480; 73 Ill. 2d R. 301.

▉▉ However, the order entered in plaintiff Mead's case clearly lacks sufficient indicia of finality for us to have appellate jurisdiction. The order states that the dismissal is "without prejudice and with leave to refile" within 45 days. There is also no finding of no just reason for delay of enforcement or appeal. A dismissal order which states it is without prejudice and with leave to refile is on its face nonfinal and therefore nonappealable. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480.) Accordingly, we must dismiss plaintiff Mead's appeal for lack of appellate jurisdiction.

▉▉ ▉ Defendants also contend that the two remaining cases presently before us are moot because in each instance the Department has already issued complaints of unfair employment practices with the Commission. Plaintiffs contend that the cases are not moot because the complaints issued were not backdated to bring them within the 300-day limit and therefore the validity of the complaints is doubtful.

Plaintiffs' backdating argument arises from our supreme court's holding in *Springfield-Sangamon County Regional Plan Com. v. Fair*

*Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307. There, the court held that the deadline for processing claims and making findings of substantial evidence is mandatory and that the Department's failure to act within the proscribed time limit extinguished a complainant's discrimination claim. The result was later overturned by the United States Supreme Court in *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148. In overruling prior Illinois Supreme Court precedent, the United States Supreme Court held that access to the Commission's adjudicatory procedures was a protected property interest under the due process clause of the fourteenth amendment which could not be defeated by the Department's failure to timely process a complaint. (455 U.S. 422, 428-33, 71 L. Ed. 2d 265, 273-76, 102 S. Ct. 1148, 1153-56.) Subsequent Illinois decisions have acknowledged that a complainant's claim may not be dismissed solely because the Department failed to meet the statutory deadline for processing. (*Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 899, 446 N.E.2d 896; *McClandon v. Bell & Howell Schools* (1983), 112 Ill. App. 3d 367, 370, 445 N.E.2d 362; *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, 854, 436 N.E.2d 569.) Accordingly, there is no need for plaintiffs' complaints to be backdated since they are valid as they stand. These cases are therefore moot, since both plaintiffs have already received all the relief that they sought, namely, valid complaints filed with the Commission. However, we believe the present cases fall within the public interest exception to the mootness doctrine.

The criteria used in deciding whether to apply this exception are: (1) the public nature of the question; (2) the desirability of an authoritative determination for guiding public officers; and (3) the likelihood that the question will recur. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769; *Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 71, 76, 410 N.E.2d 98.) The underlying question raised by these appeals is clearly public in nature. At issue is whether a public agency must act within a deadline imposed by the General Assembly. It is also apparent that defendants require an authoritative determination of their duty to abide by the 300-day deadline after the United States Supreme Court's decision in *Logan.* Also, the cases at bar do not represent isolated instances of inadvertent, technical violations. Rather, there are approximately 600 cases older than 300 days currently pending in the Department. A class action has been filed on behalf of these individuals in the circuit court of Cook County, where defendants have requested the proceedings be stayed "pending a ruling by the Illinois

Appellate Court on the merits of the relief" in the present cases. Thus, the issues raised here are virtually certain to recur. Accordingly, we find that the remaining two cases, though technically moot, are still justiciable under the public interest exception to the mootness doctrine.

■ Defendants also claim that these appeals should be dismissed because plaintiffs have failed to exhaust their administrative remedies. This claim is without merit. Here, plaintiffs seek access to the administrative remedies which the Department had heretofore foreclosed to them by failing to take any action on their complaints. We recognize that the Department has introduced mootness by processing these two claims during the pendency of these actions and that now these two plaintiffs have access to administrative remedies for their underlying discrimination claims. However, we are addressing these appeals under the public interest exception to the mootness doctrine and are treating these cases as if the plaintiffs were still in the same position with respect to the processing of claims as they were prior to bringing suit. Then, the Department had failed to take any action on their claims within the statutory time frame previously held to be mandatory and no administrative remedy was available to plaintiffs to compel agency action. Accordingly, plaintiffs had exhausted their administrative remedies prior to bringing these suits and the Department's subsequent action on plaintiffs' claims will not deprive this court of jurisdiction.

■ Defendants also challenge our jurisdiction on the grounds that plaintiffs' actions are barred by the doctrine of sovereign immunity as actions against the State. We find little merit in this challenge. As we held in *Board of Trustees v. Bakalis* (1978), 64 Ill. App. 3d 967, 382 N.E.2d 26:

"Where, however, a suit brought against State officials seeks to compel them to perform their duty, it is not held to be a suit against the State even though the duty to be performed arises under a certain statute." (64 Ill. App. 3d 967, 970.)

It also has been held that when a State officer is acting in violation of the law, his conduct is not regarded as the conduct of the State, nor is the action against him considered an action against the State. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37, 101 N.E.2d 71.) In the present cases, plaintiffs claim defendants have refused to process complaints in violation of section 7—102(G) and they seek to compel defendants to fulfill duties they believe are mandated by the Act. Accordingly, under the previously cited authorities, the present lawsuits are not actions against the State which are

barred by sovereign immunity.

 ██ Since we have jurisdiction to hear the two remaining cases, we will address the merits of plaintiffs' appeals. Initially, we note that the *mandamus* relief requested is extraordinary in nature and appropriate only where a plaintiff demonstrates (1) there is a clear right to the requested relief, (2) the defendant has a clear duty on his part to act, and (3) the defendant has clear authority to comply with the terms of the writ. (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78; *People ex rel. Hoagland v. Streeper* (1957), 12 Ill. 2d 204, 218, 145 N.E.2d 625.) The grant or denial of a writ of *mandamus* is discretionary with the trial court, whose decision will not be overturned on review absent a clear abuse of discretion. *Sherman v. City of Springfield* (1969), 111 Ill. App. 2d 391, 410, 250 N.E.2d 537.

 Here, plaintiffs contend they have a clear right to have the Department automatically issue a discrimination complaint to the Commission unless the Department finds that no substantial evidence exists to support the charge within the 300-day time limit imposed by section 7−102(G) of the Act. We find plaintiffs have no clear right to such relief. Indeed, an opposite conclusion would contradict those provisions of the Act requiring that the Department investigate, prepare a report, conduct conciliation efforts and issue complaints only where substantial evidence exists to support the charge. Elimination of the Department's screening requirement by forcing complaints to automatically issue after 300 days would completely destroy the carefully crafted administrative procedures established to fairly balance the rights of claimants and respondents and would run counter to the Act itself. Further, such relief would only serve to compound the delay in processing by shifting a large backlog from the Department to the Commission for a full hearing. Accordingly, we find the trial court did not abuse its discretion in denying this portion of the *mandamus* relief.

● 13 Finally, plaintiffs contend that the trial court erred in refusing to compel the Department to backdate the complaints filed on their behalf so as to bring them within the 300-day deadline imposed by section 7−102(G). As previously discussed, plaintiffs' argument is premised on the theory that the 300-day deadline is mandatory and therefore failure to backdate the complaints would result in the extinguishment of their claims. (See *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307.) However, we find *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, has effectively overruled the line of Illinois cases holding that the De-

partment processing deadline is mandatory. (455 U.S. 422, 428-33, 71 L. Ed. 2d 265, 273-76, 102 S. Ct. 1148, 1153-56.) After *Logan*, the 300-day processing deadline cannot be construed as one which, if not met by the Department, voids the agency's power to act further in the case or renders its filing of the complaint at a later date ineffective. Such a construction would terminate an innocent complainant's claim in precisely the same manner condemned by the *Logan* court. Consequently, we find that the 300-day deadline imposed by section 7—102(G) of the Act is directory, not mandatory. (See also *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 233, 166 N.E.2d 574 (construing statutory time deadline for agency action as directory).) Accordingly, we also find no abuse of discretion with respect to the trial court's denial of plaintiffs' backdating request.

In view of the foregoing, the appeal of plaintiff Mead is dismissed for lack of jurisdiction. We affirm the trial court judgments entered in the cases of plaintiffs Franks and Ruffin.

No. 84—137—Affirmed.

No. 84—138—Appeal dismissed.

No. 84—139—Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.