(No. 22681.—)
THE SEFCIK DAIRY COMPANY *et al.* Appellees, *vs.* JOHN JURCA *et al.* Appellants.

*Opinion filed February 15, 1935.*

GRABLOWSKI & KANAK, for appellants.

GANN, SECORD & STEAD, (LOY N. MCINTOSH, and JOHN H. BOORD, of counsel,) for appellees.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellants, John Jurca and Steve Jurca, (hereinafter called the defendants,) were adjudged guilty of contempt by the circuit court of Cook county. John Jurca was sentenced to pay a fine of $250 and to be imprisoned in the county jail for thirty days. Steve Jurca was fined $200 and sentenced to thirty days in the county jail.

The Sefcik Dairy Company, a corporation, and others, filed a bill in the circuit court of Cook county against the defendant John Jurca, doing business as the Turner Dairy. In that proceeding a decree was entered on May 24, 1932,

by which he and his agents, employees, successors and assigns, and each and all of them, were enjoined and restrained from further trafficking in, handling unlawfully, dealing in, selling, giving away, using, destroying or shipping out of the city of Chicago, bottles, (milk and cream,) the property of the complainants, each respectively; from in any manner using, or aiding and abetting others in the use of, the brand, stamp, mark or trade-mark of the complainants, each respectively; from in any manner unlawfully interfering or attempting to interfere with the lawful and peaceable conduct of the business of the complainants then being carried on by them in the city of Chicago and vicinity or at any other place within the jurisdiction of the court, and from unlawfully taking possession of any of the complainants' bottles, by purchase or otherwise. On June 10, 1933, a verified petition was filed in the circuit court charging John Jurca with violations of the injunctional decree of May 24, 1932. Jurca filed his verified answer, setting up that he had exercised vigilance in the matter of complying with the decree; that he had no knowledge of the alleged violations; that if any bottles other than his own were used to market his dairy products the same were used without his knowledge and against his express orders. The cause was referred to a master in chancery to take testimony and report his findings of fact. He made his report, by which he sustained the allegations of the petition. On December 21, 1933, the court entered an interlocutory decree containing specific findings of fact of many violations of the injunctional decree on the part of John Jurca, substantially in accordance with the report and findings of the master, and found Jurca, doing business as Turner Dairy, guilty of willful contempt of the decree of court entered May 24, 1932, and ordered that the cause be continued without further notice to April 20, 1934, at ten o'clock A. M., for the purpose of imposing punishment for such contempt. Thereafter, on April 20,

1934, the contempt proceeding was further continued, and successive continuances were made until May 22, 1934. On April 20, 1934, a contempt proceeding was instituted against the defendant Steve Jurca, who is a brother of John Jurca, for the violation of the decree of May 24, 1932. On May 22, 1934, the court entered an order finding Steve Jurca guilty of contempt and imposed the fines and imprisonments as above stated. The defendants bring the cause here by direct appeal from the trial court.

Among the errors and sub-errors assigned and argued are: (1) That the orders fining the defendants for contempt and directing their imprisonment are in violation of the fourteenth amendment to the Federal constitution and of section 2 of article 2 of the bill of rights of the State constitution; and (2) that there is no valid statute of the State of Illinois which makes provision for the acquirement by the complainants of the rights claimed in the bottles or the words or devices blown upon the walls of the bottles, the subject matter of the litigation.

John Jurca, in his answer to the citation for contempt, did not raise a constitutional question nor did he attack the validity of any statute of this State. No such issues were raised by objections or exceptions to the master's report and findings. In the contempt proceeding against Steve Jurca he appeared personally and by counsel. No written answer or other pleading was filed to the affidavits charging him with contempt. He testified in his own behalf and also offered the testimony of other witnesses in the contempt proceeding against him. He did not raise nor attempt to raise in the trial court any constitutional question nor urge the invalidity of any statute in the proceeding against him. It is the rule that an appellant may not urge the invalidity of a statute in this court where the· issue was not raised in the trial court. (*Campbell* v. *McLain,* 318 Ill. 610; *People* v. *Ugo,* 315 id. 74.) To give the Supreme Court jurisdiction to review a constitutional

question such issue must in some way have been presented to the trial court for its decision. (*People* v. *Davies,* 350 Ill. 48; *People* v. *Blenz,* 317 id. 639.) No constitutional question or issue as to the validity of any statute having been presented to the trial court, this court is without jurisdiction to review the judgment on direct appeal to this court.

The cause is transferred to the Appellate Court for the First District. *Cause transferred.*