## James Quitman, Appellant, v. Chicago Transit Authority, Appellee.

### Gen. No. 45,588.

Opinion filed December 8, 1952.
Released for publication December 23, 1952.

LOUIS G. DAVIDSON, JOSEPH D. RYAN, HARRY I. KRON-
ENBERG, and LOUIS P. MILLER, all of Chicago, for appel-
lant.

THOMAS C. STRACHAN, JR., JAMES O. DWIGHT, ERWIN
H. WRIGHT, and GEORGE C. BUNGE, all of Chicago, for
appellee; ARTHUR J. DONOVAN, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the
court.

James Quitman brought an action in the circuit court
of Cook county against the Chicago Transit Authority
to recover damages for personal injuries. Defendant
joined issue and presented the affirmative defense that
plaintiff's injuries arose out of and in the course of his
employment and that the action is barred by the pro-
visions of Section 29 of the Workmen's Compensation
Act [Ill. Stats. 1951, ch. 48, par. 166; Jones Ill. Stats.
Ann. 143.44]. Plaintiff denies this allegation. At the
close of all the evidence plaintiff's motion to strike the
affirmative defense was denied. At the conclusion of
the evidence the court directed a verdict for the de-
fendant on the ground that under the undisputed evi-
dence plaintiff's injuries arose out of and in the course
of his employment, and that since his employer, the
American Car and Foundry Company, and the defend-
ant were under the Workmen's Compensation Act, he
cannot maintain the action. Judgment was entered
against plaintiff, who appeals.

While the appeal was pending, our Supreme Court
in *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, de-
cided that the first paragraph of section 29 of the

482

Workmen's Compensation Act is unconstitutional. Subsequent to the filing of that opinion the parties filed supplemental briefs. In its brief defendant states that in the *Grasse* case the Supreme Court has held that the first paragraph of section 29 is unconstitutional. In pointing out that the constitutionality of that paragraph was not raised in the trial court it insists that the proposition cannot be urged on this appeal. It says that an appellant may not urge the invalidity of a statute in the Appellate Court where the issue was not raised in the trial court, citing *Sefcik Dairy Co. v. Jurca,* 359 Ill. 237, 239; *Zelney v. Murphy,* 387 Ill. 492, 496; *People ex rel. Toman v. Belmont Radio Corp.,* 388 Ill. 11, and other cases.

 Once a statute is declared unconstitutional it is void *ab initio.* No rights can be predicated upon it, nor can it afford any protection. It is as if it had never been written. It is our duty to recognize and follow the decisions of the Supreme Court. The cases cited by plaintiff are authority for the proposition that the constitutionality of a statute cannot be raised for the first time in a court of review. The constitutionality of the first paragraph of section 29 of the Workmen's Compensation Act was raised during the trial of the *Grasse* case. It was then properly before the Supreme Court. We are of the opinion that the cases cited by defendant are not applicable. We cannot close our eyes to the fact that the Supreme Court has declared the first paragraph of section 29 to be unconstitutional.

 Defendant asserts that the Supreme Court has exclusive jurisdiction of constitutional questions and that all such questions are waived by appeal to the Appellate Court, citing *Armour & Co. v. Industrial Board,* 275 Ill. 328, 335, and other cases. The constitutional question was raised in the *Grasse* case and we feel that we should follow the law laid down by the

Supreme Court in that case. Finally, defendant maintains that the Appellate Court, being a court of review, should interpret and apply section 29 of the Workmen's Compensation Act as though the *Grasse* case "had never been decided." We cannot ignore the *Grasse* case. As a court of review it is our duty to follow and apply the decisions of our Supreme Court. Therefore, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to sustain plaintiff's motion to strike the affirmative defense and for a new trial.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J. and NIEMEYER, J., concur.