ROBERT LOTT, Plaintiff-Appellant, *v.* GOVERNORS STATE UNIVERSITY
*et al.*, Defendants-Appellees.

First District (2nd Division)    No. 81-1677

Opinion filed April 27, 1982.—Rehearing denied June 15, 1982.

Wayne B. Giampietro, Kathrin A. Koenig, and George Bellas, all of DeJong, Poltrock & Giampietro, and Sidney C. Kleinman, Ltd., both of Chicago, for appellant.

Jenner & Block, of Chicago, and Dunn, Brady, Goebel, Ulbrich, Morel, Kombrink & Hundman, of Bloomington (Chester T. Kamin, Linda L. Listrom, and Kenneth G. Kombrink, of counsel), for appellees.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Robert Lott filed suit in the circuit court of Cook County, charging defendants with employment discrimination. Defendants in the suit are the Board of Governors of State Colleges and Universities (BOG), Governors State University (GSU), and William Engbretson, former president of GSU. Plaintiff's action, brought under section 89—102(B) of the Illinois Human Rights Act (IHRA), seeks reinstatement, compensatory and punitive damages and injunctive relief. The trial court dismissed plaintiff's action on jurisdictional grounds, finding that plaintiff's lawsuit demands monetary relief from the State and is therefore cognizable only in the Illinois Court of Claims. Plaintiff appeals.

At the time the instant appeal was filed, the principal issue was this: is a suit against the State under section 9—102(B) of the IHRA subject to the general rule that monetary claims against the State must be filed in the Court of Claims? We now find that this issue has become moot, in light of a recent decision by the Illinois Supreme Court. In *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489, the court found section 9—102(B) of the IHRA to be unconstitutional special legislation. Plaintiff's action is founded solely on section 9—102(B). The *Wilson* decision would appear to sound the death knell of plaintiff's cause of action, but a more recent decision by the United States Supreme Court makes it clear that plaintiff's remedy may not be so casually dispatched. That decision is *Logan v. Zimmerman Brush Co.* (1982), ___ U.S. ___, 71 L. Ed. 2d 265, 102 S. Ct. 1148. Before addressing the impact of *Wilson* and *Logan*, we will recount the facts.

In 1974, plaintiff was hired by GSU as the university's Director of Student Services. Plaintiff, who is black, later became active in the Minority Caucus, an organization of GSU employees concerned with minority rights. Plaintiff was not offered a contract for the position of Director of Student Services for the 1976-77 school year. Instead, he was offered a "terminal" contract for that year at a lower salary. Plaintiff charges in his complaint that his demotion and ultimate termination were in retaliation for his activities in the Minority Caucus.

Following his termination at the end of the 1976-77 school year, plaintiff filed a charge of discrimination with the Illinois Fair Employment Practices Commission (the Commission). By the terms of the Fair Employment Practices Act then in force, the Commission was required to issue a complaint or, alternatively, an order that no complaint issue, within 180 days of plaintiff's charge. (See Ill. Rev. Stat. 1977, ch. 48, par.

858.01(a); see also *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 68, 373 N.E.2d 1307 (holding that the language of the statute is mandatory and the Commission must act within 180 days).) The Commission did not act on plaintiff's complaint within 180 days.

In 1978, the legislature added section 8.01a to the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a). That section provided a remedy for certain individuals whose discrimination charges were not acted upon by the Commission within the 180-day time limit. Section 8.01a states in part:

> "In the case of any charge of an unfair employment practice which has been properly filed with the Commission prior to March 30, 1978, which has not been settled or adjusted by conference and conciliation under Section 8, and which within 180 days thereafter has not been the subject of a complaint issued by the Commission or an order that no complaint be issued, the person filing the charge may seek appropriate injunctive or other relief by filing an action in the circuit court of the county where the alleged unfair employment practice occurred." (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a.)

In 1979, the legislature passed the Illinois Human Rights Act (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 1—101 *et seq.*), which replaced the Fair Employment Practices Act. Section 9—102(B) of the IHRA is essentially a re-enactment of section 8.01a of the FEPA, providing a remedy for individuals whose FEPA charges were not disposed of within the statutory period.

Plaintiff's complaint, filed on September 26, 1980, purports to state a cause of action under section 9—102(B) of the IHRA. On November 13, 1981, our supreme court filed its opinion in *Wilson v. All-Steel, Inc.*, finding section 9—102(B) of the IHRA unconstitutional special legislation. 87 Ill. 2d 28, 33.

■■ Defendants did not argue the constitutionality of section 9—102(B) in the trial court. There is no doubt, however, that the *Wilson* case is applicable. We further find that no waiver occurred in defendants' failure to so argue. The case of *Quitman v. Chicago Transit Authority* (1952), 348 Ill. App. 481, 109 N.E.2d 373, is on point. There, the defendant won a dismissal of the plaintiff's complaint by relying on a statutory defense. While the plaintiff's appeal was pending in this court, the Illinois Supreme Court, in an unrelated case, found the statute unconstitutional. The defendant in *Quitman* argued that the plaintiff, who had not questioned the constitutionality of the statute in the trial court, was precluded from raising that claim on appeal. The appellate court held:

> "Once a statute is declared unconstitutional it is void *ab initio*. No

rights can be predicated upon it, nor can it afford any protection. It is as if it had never been written. It is our duty to recognize and follow the decisions of the Supreme Court." (348 Ill. App. 481, 483.)

Following the supreme court's decision in Wilson, we recognize that section 9—102(B) is void and that no rights can be predicated upon it.

This finding, however, does not dispose of plaintiff's claim. In *Logan v. Zimmerman Brush Co.* (1982), ___ U.S. ___, 71 L. Ed. 2d 265, 102 S. Ct. 1148, the plaintiff (Logan) filed an employment discrimination charge with the Illinois Fair Employment Practices Commission. Section 8(b) of the FEPA required the Commission to convene a fact-finding conference within 120 days of Logan's charge. (See Ill. Rev. Stat. 1979, ch. 48, par. 858(b).) The Commission did not convene the fact-finding conference within the specified period. The Illinois Supreme Court, acting on Logan's employer's petition for a writ of prohibition, held that the 120-day period was mandatory and that the Commission therefore lacked jurisdiction to adjudicate Logan's complaint. (See *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 104, 107, 411 N.E.2d 277.) In so holding, the court perfunctorily dismissed Logan's contention that his rights to due process and equal protection were violated. See *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 104.

The United States Supreme Court reversed. The majority found that Logan's access to the FEPA's adjudicatory procedures was a property interest protected by the due process clause of the fourteenth amendment. (See *Logan v. Zimmerman Brush Co.* (1982), ___ U.S. ___, ___, 71 L. Ed. 2d 265, 273, 102 S. Ct. 1148, 1154.) Logan was deprived of this property without due process when an administrative delay (for which Logan was not responsible) led to the dismissal of his complaint.

■■ The case at bar presents the same situation. Plaintiff timely filed a charge of employment discrimination with the Commission. The Commission did not act on his charge within the 180 days required by statute (see Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)), and plaintiff's claim was thereby defeated. Section 9—102(B) of the IHRA would have preserved plaintiff's property interest (his right to an adjudication of his claim), but that section has been declared unconstitutional by the Illinois Supreme Court. In the present posture of this case, we find that plaintiff has a protected property interest in his employment discrimination claim and he can not constitutionally be deprived of that interest by the inaction of the Commission.

■■ We next consider what process is due plaintiff. Section 9—102(B) provided plaintiff with a private cause of action as a means of adjudicating his claim. Section 9—102(B) is no longer operative. We are unwilling

to create, by judicial *fiat*, a new cause of action to replace the one that perished with section 9—102(B), and we do not believe the due process clause requires such a result. In *Logan v. Zimmerman Brush Co.*, the court found that "Logan is entitled to have the Commission [FEPC] consider the merits of his charge, based on the substantiality of the available evidence, before deciding whether to terminate his claim." (___ U.S. ___, ___, 71 L. Ed. 2d 265, 277, 102 S. Ct. 1148, 1157.) The same minimum process is due the plaintiff here. Lott is entitled to have the Department of Human Rights and the Human Rights Commission (the successors to the FEPC) consider the merits of his discrimination charge in accordance with the procedures set out in articles 7 and 8 of the IHRA. The IHRA provides that the Department of Human Rights must accept and investigate charges of civil rights violations. The Department may, upon determining that there is no substantial evidence of a violation, dismiss the complaint. When a complaint is supported by sufficient evidence and there has been no settlement or adjustment through conciliation, the Department must file a written complaint with the Human Rights Commission, which is empowered to adjudicate the dispute and enforce its findings. See Ill. Rev. Stat., 1980 Supp., ch. 68, pars. 7—102, 8—102.

It follows that the Department of Human Rights and the Human Rights Commission are necessary parties in this action. Upon remand to the trial court, plaintiff should be permitted to amend his complaint and add these entities as parties defendant. (See Ill. Rev. Stat. 1979, ch. 110, par. 26 (new parties may be added, by order of court, at any stage of the cause, as justice may require).) The trial court should then order the Department to accept and process plaintiff's charge as set out in the IHRA.[1] We foresee no limitations problem here, as plaintiff's original charge was timely brought before the FEPC.

■■ As noted above, the issue upon which the trial court based its disposition of this cause is no longer relevant. We find that the State and its agencies are "employers" as defined in section 2—101(B)(1)(c) of the IHRA (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 2—101(B)(1)(c)), and that the State as an employer is capable of committing a civil rights violation, thereby subjecting itself to the procedures set out in the IHRA. The Court of Claims is not the proper forum for plaintiff's employment discrimination charge. See Ill. Rev. Stat., 1980 Supp., ch. 68, par. 8—111(D) (no

---

[1] We note that plaintiff's original complaint wrongly laid venue in Cook County. Section 9—102(B) requires that an action under that section be brought "in the circuit court of the county where the alleged unfair employment practice occurred." (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 9—102(B).) GSU is in Will County. Although defendants raised this defect in venue below, the trial court did not reach the issue. On remand, the venue provision of section 9—102(B) will not control, since the cause of action on remand will not be based on that voided statute. Defendants, nevertheless, should be afforded the opportunity to argue venue or other matters not disposed of in this appeal.

court has jurisdiction over alleged civil rights violations except as provided by law).

The decision of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded, with directions.

DOWNING and PERLIN, JJ., concur.