JOE ANN McCLANDON, Plaintiff-Appellant, *v.* BELL AND HOWELL SCHOOLS, Defendant-Appellee.

First District (1st Division)   No. 81—2100

Opinion filed January 10, 1983.—Supplemental opinion filed on denial of rehearing February 28, 1983.

Roslyn C. Lieb, of Northwestern University Legal Clinic, of Chicago, for appellant.

Marian C. Haney, of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Joe Ann McClandon, filed suit on November 25, 1980, in the circuit court of Cook County charging defendant, Bell and Howell Schools, with employment discrimination in violation of the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 1—101 et seq.), of article I, section 17 of the 1970 Illinois Constitution and of section 1981 of the Civil Rights Act of 1866 (42 U.S.C. sec. 1981 (1974)).

Counts I and II allege employment discrimination with respect to plaintiff's salary and job classification and retaliation for the filing of a discrimination charge. The jurisdiction for these counts is based on section 8.01a of the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a; repealed and replaced by section 9—102(B)(1) of the IHRA, Ill. Rev. Stat., 1980 Supp., ch. 68, par. 9—102(B)(1)). Count III is based on 42 U.S.C. sec. 1981 (1976) and alleges race discrimination by the defendant in its treatment of plaintiff's salary and job classifications. Count IV alleges race and sex discrimination under article I, section 17 of the Illinois Constitution.

On May 4, 1981, the trial court dismissed plaintiff's complaint with prejudice. Upon defendant's motion, the trial court found: the jurisdictional predicate for counts I and II, section 8.01a of the FEPA, was unconstitutional; count III did not state a cause of action and was time barred; and count IV was time barred. On July 23, 1981, the court, on plaintiff's motion, refused to reconsider its judgment and denied plaintiff the opportunity to file an amended complaint. Plaintiff's motion in this respect included a proposed amended complaint.

Plaintiff appeals, contending (1) section 8.01a of the FEPA is constitutional; (2) her claim brought pursuant to 42 U.S.C. sec. 1981 (1976) states a cause of action and is not time barred; (3) the claim of race and sex discrimination in employment practices under the Illinois Constitution is not time barred; and (4) the trial court abused its discretion in refusing to allow plaintiff leave to amend her complaint.

Plaintiff started working for defendant in October 1974 as a data entry supervisor. On December 1, 1974, she was assigned additional responsibilities without any additional compensation. In October 1975 plaintiff's position was upgraded without a salary increase. During the four-month period beginning in October 1974 and ending April 1975 plaintiff was not compensated for overtime work. After filing the initial charge of employment discrimination in October 1975, some of

plaintiff's authority and job responsibilities were removed by defendant. Plaintiff remained on the job until August 1976.

Conciliation attempts between plaintiff and defendant apparently failed. The FEPC then issued an administrative complaint against defendant on November 22, 1977. On December 4, 1978, the FEPC informed plaintiff of her right to pursue the claims on her own in the circuit courts. This notice was in response to the addition of section 8.01a to the FEPA which provided a remedy for certain individuals whose discrimination charges were not acted upon by the FEPC within the 180-day time limit. Ill. Rev. Stat. 1979, ch. 48, par. 858.01a.

After an administrative law judge refused to dismiss the FEPC complaint, defendant instituted an action for declaratory relief on February 21, 1979. In that matter, Bell and Howell Schools v. Earle Tockman and Joe Ann McClandon, No. 79 CH 1085, the circuit court dismissed the action upon FEPC's motion to dispose of the case. The court's order, dated July 2, 1980, also stated that the FEPC was without jurisdiction to proceed on plaintiff's charges then before it.

On September 10, 1980, the Illinois Human Rights Commission (Commission) (successor to the FEPC) dismissed for lack of jurisdiction the administrative complaint relative to plaintiff's charges. As mentioned above, plaintiff then filed her present action.

Since the trial court's dismissal of this cause and the pendency of this appeal three cases have been decided which control our review of the issues before us. In *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489, the Illinois Supreme Court determined that section 9—102(B) of the IHRA is unconstitutional special legislation. Insofar as section 9—102(B) is the successor statute to section 8.01a, we are constrained to find that the trial court's ruling that section 8.01a is unconstitutional is correct. Thus, plaintiff's rights cannot be predicated upon it.

However, in a case with many factual similarities the United States Supreme Court found that an individual's access to the FEPA's adjudicatory procedures was a property interest protected by the due process clause of the fourteenth amendment. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 101 S. Ct. 1345.) In *Logan*, the petitioner sought resolution of employment discrimination charges with the FEPC. The FEPC failed to convene a fact-finding conference within the prescribed 120 days of the filing of the charges. The Illinois Supreme Court determined that the FEPC lacked jurisdiction because the 120-day period was mandatory. (See *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 411 N.E.2d 277.) In reversing this determination, the United States Supreme

Court found that Logan was deprived of a property right without due process when an administrative delay (for which he was not responsible) led to the dismissal of his complaint.

■■ In *Lott v. Governers State University* (1982), 106 Ill. App. 3d 851, 436 N.E.2d 569, the original issue on appeal was whether a suit against the State under section 9—102(B) of the IHRA could seek monetary damages. The court stated that this issue became moot after the supreme court's decision in *Wilson* invalidating that section. (106 Ill. App. 3d 851, 852.) This court was then confronted with the dilemma of reconciling *Wilson* and *Logan.* First we found that plaintiff had a protected property interest in his employment discrimination claim and that he could not constitutionally be deprived of that interest by the inaction of the FEPC. (106 Ill. App. 3d 851, 854.) In determining what process was due plaintiff, we said (106 Ill. App. 3d 851, 855):

"*** In *Logan v. Zimmerman Brush Co.*, the court found that 'Logan is entitled to have the Commission [FEPC] consider the merits of his charge, based on the substantiality of the available evidence, before deciding whether to terminate his claim.' ([455] U.S. [422], [434], 71 L. Ed. 2d 265, 277, 102 S. Ct. 1148, 1157.) The same minimum process is due the plaintiff here. Lott is entitled to have the Department of Human Rights and the Human Rights Commission (the successors to the FEPC) consider the merits of his discrimination charge in accordance with the procedures set out in articles 7 and 8 of the IHRA. The IHRA provides that the Department of Human Rights must accept and investigate charges of civil rights violations. The Department may, upon determining that there is no substantial evidence of a violation, dismiss the complaint. When a complaint is supported by sufficient evidence and there has been no settlement or adjustment through conciliation, the Department must file a written complaint with the Human Rights Commission, which is empowered to adjudicate the dispute and enforce its findings. See Ill. Rev. Stat., 1980 Supp., ch. 68, pars. 7—102, 8—102.

It follows that the Department of Human Rights and the Human Rights Commission are necessary parties in this action. Upon remand to the trial court, plaintiff should be permitted to amend his complaint and add these entities as parties defendant. (See Ill. Rev. Stat. 1979, ch. 110, par. 26 (new parties may be added, by order of court, at any stage of the cause, as justice may require).) The trial court should then order the Department to accept and process plaintiff's charge as set out in the IHRA. We foresee no limitations problem here, as plaintiff's original

charge was timely brought before the FEPC."

We agree with this determination and find plaintiff here to be in a similar position. Accordingly, counts I and II are remanded so that plaintiff may amend those counts and add the appropriate entities as parties defendant.

Defendant argues that plaintiff may not now argue the constitutionality of section 8.01a because of the disposition of the earlier declaratory action. In light of *Wilson*, this is now not at issue. Defendant further argues that *Lott* is not applicable because it did not consider the defendant's due process rights. It is specifically argued that the dismissal of the administrative complaint was not defendant's fault and to subject defendant to further proceedings would potentially subject it to increased back-pay liability. We recognize that an employer has a right to an expeditious determination of his liability (87 Ill. 2d 28, 36); plaintiff, however, "is entitled to have the Commission consider the merits of his charge, based upon the substantiality of the available evidence, before deciding whether to terminate [her] claim." (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 434, 71 L. Ed. 2d 265, 277, 102 S. Ct. 1148, 1156.) Since plaintiff left defendant's employ in August 1976, it is doubtful that further proceedings will result in increased liability other than that normally encountered by litigants engaged in our appellate process.

■ To the extent this decision may be considered retroactive in application, we find the result reached in this case will not be an undue hardship on the parties involved. Considering the particular relations and conduct of the parties to this case and the rights asserted by them, we feel this decision to be appropriate in light of public policy and the statutory scheme involved. See *Linkletter v. Walker* (1965), 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731.

Count III, based on 42 U.S.C. sec. 1981 (1976), claims that plaintiff was not compensated for overtime work, that she was assigned additional job responsibilities without an increase in rate of pay and that when her position was finally upgraded she was not given a salary increase as were other nonblack employees. Count IV makes similar allegations based upon article 1, section 17, of the Illinois Constitution. The trial court found these counts were time-barred largely in response to defendant's argument that there are no allegations of continuing violations of plaintiff's right to be free from employment discrimination. See *United Air Lines, Inc. v. Evans* (1977), 431 U.S. 553, 52 L. Ed. 2d 571, 97 S. Ct. 1885; *Patterson v. General Motors Corp.* (7th Cir. 1980), 631 F.2d 476, *cert. denied* (1981), 451 U.S. 914, 68 L. Ed. 2d 304, 101 S. Ct. 1988.

On appeal, plaintiff argues that her complaint does indeed make allegations of continuing violations of her rights. She argues that the discriminatory pay scheme and defendant's acts of retaliation continued until August 1976, when she left the company after the division with which she worked went out of existence. It is clear to us, after examination of the complaint, that it is deficient for the lack of allegations of continuing violations.

This determination, however, is not entirely dispositive of this issue. Plaintiff requested leave to file an amended complaint which would allegedly cure the defects by sufficiently alleging continuing violations on the part of defendant so as not to be barred by the five-year limitations period for bringing a section 1981 action (see *Waters v. Wisconsin Steel Works of International Harvester Co.* (7th Cir. 1970), 427 F.2d 476, *cert. denied* (1970), 400 U.S. 911, 27 L. Ed. 2d 151, 91 S. Ct. 137) or for bringing an action under the Illinois constitutional provision. As noted above, plaintiff included her proposed amended complaint with her motion to reconsider or, alternatively, for leave to file an amended complaint. Courts exercise broad discretion when deciding to grant or deny leave to amend pleadings. *Wheat v. Freeman Coal Mining Corp.* (1974), 23 Ill. App. 3d 14, 319 N.E.2d 290.

Because the complaint was filed November 25, 1980, plaintiff must allege continuing violations occurred after November 25, 1975. The allegations made in counts III and IV of the proposed amended complaint show: from December 1, 1974, to October 4, 1975, plaintiff was given additional job responsibilities without additional compensation; on October 4, 1975, plaintiff's job was upgraded, but she did not receive an increase in salary; defendant gave salary increases to nonblack employees upon their assignment to additional responsibilities; plaintiff was deprived of the same right to employment opportunities enjoyed by nonblack employees as the result of defendant's intentional policy of discrimination; plaintiff was not compensated for overtime work done during the period of October 25, 1974, to April 1975; and defendant retaliated against plaintiff for filing charges with the FEPC by taking away some of her authority and job responsibilities.

●■ ■ Plaintiff's claims for additional compensation prior to October 4, 1975, and for overtime compensation up to April 1975 must fail for not being made in a timely fashion. So too must the claims for not receiving a salary increase. Plaintiff's claim of a discriminatory salary policy is tied into her assertion that she was employed at a lower grade classification than other nonblack employees with less experience. As an example, she cites the promotion of a nonblack supervisor to a higher grade classification and rate of pay than she was given. These

allegations essentially complain of discrimination on the part of defendant by not promoting plaintiff to a better paying grade classification. The failure to promote or "upgrade" her position which plaintiff alleges is, absent special circumstances, a "single act by an employer *** [which] begins the running of the statute of limitations and the natural effects of the allegedly discriminatory act are not regarded as 'continuing.'" (*London v. Coopers & Lybrand* (9th Cir. 1981), 644 F.2d 811, 816; see *Patterson v. General Motors Corp.*) Plaintiff makes no specific allegation of the time frame in which she was not promoted and for this reason her pleading is insufficient to avoid the time limitation imposed on this case.

For these reasons we find the trial court did not abuse its discretion in denying plaintiff an opportunity to amend her complaint.

The order of the circuit court of Cook County dismissing counts I and II is reversed and the cause is remanded for further proceedings consistent with this opinion; as to counts III and IV, the order of dismissal is affirmed.

Reversed and remanded in part; affirmed in part.

CAMPBELL and GOLDBERG, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE O'CONNOR delivered the opinion of the court:

█ Defendant argues, in a petition for rehearing, that the result of this court's decision allowing plaintiff to add the Department of Human Rights and the Human Rights Commission as parties defendant is precluded by the *res judicata* effect of the unappealed ruling of the circuit court in Bell and Howell Schools v. State of Illinois Fair Employment Practices Commission *et al.*, No. 79 CH 1085 (cited in our opinion as Bell and Howell Schools v. Earle Tockman and Joe Ann McClandon). In that declaratory action, defendant was the plaintiff seeking a ruling that the FEPC lacked jurisdiction over the administrative complaint because it was not filed within 180 days of the filing of McClandon's discrimination charges. See Ill. Rev. Stat. 1979, ch. 48, par. 858.01(a).

As mentioned in the body of our opinion, that action was dismissed upon the FEPC's motion to dispose of the case. There was also a finding that the FEPC was without jurisdiction to proceed on McClandon's charges. The administrative complaint embodying McClandon's charges was then dismissed by the administrative law judge, also a party to the declaratory action. Pursuant to notice from the FEPC (see Ill. Rev. Stat. 1979, ch. 48, par. 858.01(a)), McClandon

filed the complaint in the circuit court which is now before us on appeal.

On this appeal, McClandon contended that section 8.01a of the FEPA is constitutional. In support of this contention, she looks to the rationale of the Supreme Court decision in *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148. Defendant construes McClandon's argument to be directed at the constitutionality of section 8.01(a). This is a "straw-man" argument.

McClandon's arguments are directed at section 8.01a. Defendant's declaratory action was related to the jurisdiction of the FEPC to proceed on an administrative complaint filed after the 180-day period required by section 8.01(a) (Ill. Rev. Stat. 1979, ch. 48, par. 858.01(a)).

Therefore, the effect of the declaratory action, if any (the action was dismissed rather than granted), was to defeat plaintiff's claim before the FEPC. Thus, plaintiff was in the same position as Lott after his charges were not acted upon within 180 days pursuant to section 8.01(a). (106 Ill. App. 3d 851, 854.) The reasoning and holding of *Lott* therefore applies. 106 Ill. App. 3d 851, 855.

The petition for rehearing is denied.

GOLDBERG and CAMPBELL, JJ., concur.