**Freyda SALTZMAN, Plaintiff,**

v.

**FULLERTON METALS CO., an Illinois corporation, Defendant.**

**No. 78 C 3440.**

United States District Court,
N.D. Illinois, E.D.

April 8, 1983.

---

Laurie E. Leader, Leader & Tinaglia, Chicago, Ill., for plaintiff.

Sheribel F. Rothenberg, D'Ancona & Pflaum, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This employment discrimination action was filed by the plaintiff on December 17, 1978. Count I alleged a violation of the Equal Pay Act, 29 U.S.C. § 206(d). Count II alleged a violation of the Illinois Fair Employment Practices Act ("FEPA"), Ill. Rev.Stat. ch. 48, par. 851 *et seq.* (now the Illinois Human Rights Act). Count III alleged a claim under Article I, section 17 of the Illinois Constitution, which prohibits employment discrimination in hiring and promotions. Plaintiff's case was tried before a jury, which returned a verdict in favor of the defendant on all counts. On appeal to the Seventh Circuit Court of Appeals, 661 F.2d 647, the judgment of the trial court was sustained as to Counts I and III, and was reversed and remanded on Count II.

Defendants have now moved to dismiss Count II of this action on the ground that, in light of recent United States Supreme Court and Illinois Supreme Court decisions, this Court does not have jurisdiction over plaintiff's claim under the Illinois Fair Employment Practices Act.

Plaintiff originally filed a charge of employment discrimination against the defendant with the Fair Employment Practices Commission ("FEPC") on September 27, 1976. Section 8.01 of the FEPA required the FEPC to "issue or serve a complaint" or "order that no complaint be issued" within 180 days after the filing of a charge. The FEPA failed to act on plaintiff's charge within 180 days. The Illinois Supreme Court then held, in *Springfield-Sangamon Regional Plan Comm. v. Fair Employment Practices Commission,* 71 Ill.2d 61, 15 Ill. Dec. 623, 373 N.E.2d 1307 (1978), that the 180-day time limitation is mandatory, and that the failure of the FEPC to act on a charge within 180 days deprives the FEPC of jurisdiction to adjudicate the charges. Judicial review of a charge was available only under the Illinois Administrative Review Act, Ill.Rev.Stat. ch. 110, par. 264 *et seq.* Under this act, review is permitted only after the FEPC has adjudicated the charge. Therefore, after the *Springfield* decision, if the FEPC did not make a timely adjudication of a charge, judicial review of the charge was foreclosed.

To remedy this situation, the Illinois General Assembly passed Public Act 80-1455, codified as Ill.Rev.Stat. ch. 48, par. 858.01a (1979), which created a new cause of action for those individuals whose claims were barred under the *Springfield* decision. The Illinois Supreme Court subsequently held that this act was unconstitutional as prohibited special legislation in *Wilson v. All-Steel, Inc.,* 87 Ill.2d 28, 56 Ill.Dec. 897, 428 N.E.2d 489 (1981). Thus, the only statute providing jurisdiction for judicial review of a charge filed with the FEPC which was not processed within 180 days has been held unconstitutional, thereby depriving this Court of its jurisdictional basis for reviewing plaintiff's claim under the FEPA.

However, the United States Supreme Court has recently ruled, in *Logan v. Zimmerman Brush Co.,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that a decision

by the Illinois Supreme Court interpreting a similar time limit under the FEPA as mandatory violated the claimant's right to due process.[1] The Court in *Logan* held that such an interpretation arbitrarily deprived claimants of their right to an agency determination on their charges. The court held that the process due to the claimants was to have their charges processed by the FEPC. Applying the identical analysis to the Illinois Supreme Court's decision in *Springfield-Sangamon,* the Court concludes that the plaintiff in this case is entitled to a determination of her employment discrimination charge by the FEPC (now the Illinois Human Rights Commission).

The Illinois appellate court faced the same situation presented in this case in *Lott v. Governor's State University,* 106 Ill. App.3d 851, 62 Ill.Dec. 543, 436 N.E.2d 569 (1982). The Court in *Lott* concluded that the plaintiff was entitled to have the Department of Human Rights and the Human Rights Commission consider the merits of his charge. The Court then directed the trial court to permit the plaintiff to join these state entities as defendants. Following the decision in *Lott,* the Court will permit the plaintiff in this case to join the proper parties so the Court may order that the appropriate action be taken with respect to plaintiff's discrimination charge.

Accordingly, plaintiff is granted 28 days from the date of this order to amend the complaint to join additional parties.

**1.** At issue in *Logan* was the 120 day time-limit imposed under the FEPA for convening a fact- finding conference for charges of discrimination on the basis of physical handicap.