LORENZO REVOAL, Plaintiff-Appellant, v. ILLINOIS HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—2465

Opinion filed October 11, 1984.

Theodore M. Becker, J. Samuel Tenenbaum, and Alan E. Gitles, all of Becker & Tenenbaum, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellee Human Rights Commission.

O'Brien, O'Rourke, Hogan & McNulty, of Chicago (Donald V. O'Brien and Barbara J. Stuetzer, of counsel), for appellee Bongi Cartage Co.

JUSTICE JOHNSON delivered the opinion of the court:

Lorenzo Revoal, plaintiff, appeals from the trial court's order of September 26, 1983, dismissing his complaint against Bongi Cartage Company (Bongi) for employment discrimination. The issue on appeal is whether plaintiff was denied his constitutional right to due process when the Illinois Human Rights Commission (IHRC) dismissed his charge for lack of jurisdiction, which resulted from administrative inaction within the statutory period.

We reverse.

On July 13, 1975, plaintiff Revoal applied for a position as pile driver with defendant Bongi. He was not hired. On November 7, 1975, Revoal filed a complaint with the Fair Employment Practices Commission (FEPC) charging that he had been refused employment on racial grounds in contravention of the Fair Employment Practices Act (Ill. Rev. Stat. 1975, ch. 48, par. 851 *et seq.*).

On October 19, 1977, approximately two years after Revoal's complaint had been filed, the FEPC issued a "Notice of Substantial Evidence." The FEPC determined that there was substantial evidence in support of Revoal's complaint against Bongi. The record is silent as to what occurred during the intervening months, but on August 17, 1978, the FEPC issued a "Complaint of Unfair Employment Practices" against Bongi. On November 29, 1978, the FEPC notified Revoal of his right to sue Bongi pursuant to Public Act 80—1455[1] (now codified as Ill. Rev. Stat. 1981, ch. 68, par. 9—102(B)). The FEPC advised Revoal that pursuant to the legislature's action he had two years following receipt of the "Notice of Substantial Evidence" in which to file a civil suit against Bongi.

On August 24, 1979, an evidentiary hearing was held on Revoal's charge against Bongi. On March 21, 1980, Bongi moved to dismiss the charge on jurisdictional grounds. On June 20, 1980, an administrative law judge issued a recommended order and decision, determining that the FEPC had lost jurisdiction over Revoal's charge because of its failure to issue a timely complaint. The judge recommended dismissal of the charge against Bongi; in so doing, he noted that the dismissal resulted from factors beyond the control of Revoal.

In October 1980, Revoal filed a complaint for declaratory judgment and injunctive and other relief in the Chancery Division of the Circuit Court of Cook County. On December 3, 1980, during the pendency of the chancery action, the Illinois Human Rights Commission[2]

---

[1]Prior to the passage of Public Act 80—1455, the Illinois Supreme Court, in *Springfield-Sangamon County Regional Plan Com. v. FEPC* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307, held that once a charge is filed with the FEPC, that body must, within 180 days, either issue a complaint or order that no complaint be issued. Failure to do so would result in dismissal of the charge. In Revoal's case, the FEPC's complaint was issued 990 days after the charge was filed.

[2]The Illinois legislature repealed the Fair Employment Practices Act under which the FEPC functioned (Pub. Act 81—1216, amended by Pub. Act 81—1267). The Illinois Human Rights Act replaced the FEPA. The FEPC was replaced by two agencies: the Illinois Department of Human Rights (IDHR), which is responsible for investigating charges and issuing complaints when warranted, and the Illinois Human Rights Commission (IHRC), which reviews the IDHR's findings and conducts hearings on complaints.

(successor to the FEPC) entered an order affirming the recommendation of the administrative law judge and the FEPC's complaint against Bongi was dismissed. No review of the IHRC's dismissal order was taken.

On May 12, 1982, Revoal petitioned the IHRC for reconsideration of its December 1980 order dismissing the complaint against Bongi. On July 2, 1982, the IHRC denied the petition, finding it untimely.

On July 30, 1982, Revoal filed a complaint at law (law action) in the circuit court of Cook County. He named as defendants Bongi, the IHRC and the individual commissioners who issued the July 2, 1982, order denying his petition for reconsideration. Count I of the complaint sought administrative review of the IHRC's denial of his petition for reconsideration (the May 12, 1982, petition); count II purported to be a class action and sought reinstatement and adjudication by the IHRC of all claims it had dismissed because of its own failure to act in a timely manner. The pending chancery action was consolidated with the law action on February 3, 1983, pursuant to an agreement between Revoal and Bongi.

On June 23, 1983, the trial judge dismissed with prejudice count I of the law action, but allowed Revoal 28 days to amend count II. The amended complaint eliminated the class action allegations but named the IHRC as a defendant. The complaint asked the circuit court to order the IHRC to proceed administratively with Revoal's charge against Bongi.

On September 26, 1983, the circuit court ruled that Revoal's failure to seek a timely administrative review of the IHRC's December 3, 1980, order barred the action at law. The circuit court then dismissed Revoal's consolidated action.

On appeal, both Bongi and the IHRC submitted briefs and argued as appellees. However, the IHRC took the position that although Revoal was not entitled to review of the law action, he should be granted a hearing on the merits of the chancery action.

Bongi urges us to affirm the trial court's dismissal of Revoal's consolidated actions because they were an improper collateral attack on the IHRC's dismissal order of December 3, 1980. Although the complaint purported to seek review of the IHRC's denial of Revoal's petition to reconsider, it in fact sought reversal of the prior order of December 3, 1980. Bongi cites section 3—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—102) as expressly barring Revoal's consolidated action in the circuit court. Bongi points out that section 3—102 of the Code mandates that review of the IHRC's order of December 3, 1980, had to have been sought within 35 days of

the issuance of the order.

Defendant IHRC argues that Revoal's law action was properly dismissed by the circuit court since he did not seek review of the IHRC's order of December 3, 1980, within the statutorily required period, either before the full IHRC or later by the circuit court. Revoal's action at law, regardless of the manner in which it is framed, was an attempt to gain judicial review of the IHRC's order of December 3, 1980. Thus, Revoal's failure to satisfy the procedural rules barred his action at law.

The IHRC acknowledges that although it was not a party to Revoal's chancery action, it believes that he is entitled to relief under the holding of three recent Illinois appellate court decisions. The IHRC points out that Revoal commenced the chancery action, pursuant to Public Act 80—1455 (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(B)), within two years of receipt of a statutory notice from the FEPC. Although that statute was later declared unconstitutional (see *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489), the IHRC believes that Revoal stands in similar circumstances to other plaintiffs who filed timely suits under the provisions of the repealed statute. Those individuals were afforded relief by our appellate court. Accordingly, the IHRC joins with Revoal in contending that the chancery action should not have been dismissed.

In *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, the United States Supreme Court considered the question of whether the plaintiff was entitled to have the merits of his charge of discrimination considered on the merits by the IHRC although the statutorily required period for such consideration had expired. In that case, plaintiff Logan filed an employment discrimination charge with the IHRC. Under the then-existing statute, the IHRC was required to convene a fact-finding conference within 120 days of Logan's charge. The IHRC, for reasons beyond Logan's control, failed to hold the conference within the requisite period. Logan filed a petition with the Illinois Supreme Court for a writ of prohibition; that court held that the statutory period was mandatory and because of the IHRC's failure to act within 120 days, it lacked jurisdiction to consider Logan's charge. The United States Supreme Court reversed our supreme court, holding that Logan's access to the IHRC's adjudicatory procedures was a protected property interest under the due process clause of the fourteenth amendment to the United States Constitution. Therefore, Logan was entitled to have the IHRC consider the merits of his charge.

This case presents a situation strikingly similar to that in *Lo-*

*gan.* Revoal timely filed a charge of employment discrimination with the FEPC; that charge was not acted upon within the 180 days required by the statute. Revoal's claim was therefore dismissed. Section 9—102(B) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(b)), which would have preserved the claim, has been declared unconstitutional by our supreme court. (See *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489.) Nevertheless, we find that the principles of *Logan* are clearly applicable here; specifically, that Revoal has a protected property interest in his employment discrimination claim, and inaction of the FEPC and its successor agency cannot deprive him of that right without offending the United States Constitution.

We must, therefore, decide whether *Logan* should be applied retroactively. In *Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 446 N.E.2d 896, the plaintiff was prevented from having her employment discrimination charge disposed of before the FEPC because of its own administrative inaction. She was later denied relief in the trial court because of the unconstitutionality of the statute upon which the court action was based. The appellate court, in *Sauers*, noted that the plaintiff's charge of discrimination had been timely filed within the required period following the alleged discrimination. Relying on the principles enunciated in *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, 436 N.E.2d 569, the court held that the plaintiff had a protected property interest of which she could not be deprived by inaction of the IHRC.

A similar conclusion was reached by the appellate court in *Mc-Clandon v. Bell & Howell Schools* (1983), 112 Ill. App. 3d 367, 445 N.E.2d 362, *cert. denied* (1983), 464 U.S. 936, 78 L. Ed. 2d 311, 104 S. Ct. 344.

In a civil case, the criteria for determining prospective or retroactive application are:

> (1) a decision to be applied prospectively must establish a new principle of law,
> (2) will the purpose and effect of the new decision be best served by retroactive or prospective application? and,
> (3) the equities of the situation.

*In re Estate of Rudder* (1979), 78 Ill. App. 3d 517, 520, 397 N.E.2d 556, 558.

■ We believe that retroactive application of the principles enunciated in *Logan* is appropriate in this case and, further, that such retroactivity will not be an undue hardship to the parties. Revoal is entitled to have the merits of his charge considered by the IHRC.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions that Revoal be granted a hearing before the IHRC on the merits of his charge.

Reversed and remanded, with directions.

LINN, P.J., and ROMITI, J., concur.