JESSE WOODS, Plaintiff-Appellant, v. BRUCKER COMPANY, INC., Defendant-Appellee.

First District (2nd Division)   No. 83—2572

Opinion filed December 28, 1984.

Legal Assistance Foundation, of Chicago (Sherry Estes, of counsel), for appellant.

Norman H. Lesser & Associates, of Chicago (Norman H. Lesser, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Jesse Woods (plaintiff) filed in the circuit court of Cook County a cause of action against Brucker Company, Inc. (defendant), alleging employment discrimination. Following summary judgment entered in favor of defendant, plaintiff appeals, requesting this court to reverse the order of summary judgment and to remand this cause to the trial court with instructions that the Human Rights Commission (HRC) and the Department of Human Rights (DHR) be added as necessary parties defendants and that those agencies be ordered to process plaintiff's charge of employment discrimination as set out in the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 1—101 *et seq.*).

Plaintiff, a black man, was employed by defendant from January 1974 until January 15, 1976, when he was discharged. On April 5, 1976, 81 days after his discharge, plaintiff filed with the Illinois Fair Employment Practices Commission (FEPC),[1] pursuant to section 8.01 of the Illinois Fair Employment Practices Act (FEPA)[2] (Ill. Rev. Stat. 1975, ch. 48, par. 858.01), a "sworn charge" in which he alleged that he had been discriminated against by defendant on the basis of his race. In support of his charge, plaintiff alleged that he had been discharged while hospitalized, whereas a hospitalized white employee under similar circumstances was not so discharged.

Pursuant to section 8.01 of the FEPA, the FEPC was required, within 180 days of the filing of plaintiff's charge, to act upon the charge, either by way of a determination that the charge lacked substantial evidence and should therefore be dismissed, or by a determination that a complaint should issue and a hearing held. The FEPC did neither. Instead, plaintiff was advised by the FEPC in February 1979 that he could prosecute his charge by filing a complaint in the circuit court pursuant to section 8.01a of the FEPA, which provided:

"In the case of any charge of an unfair employment practice which has been properly filed with the Commission prior to March 30, 1978, which has not been settled by conference and conciliation under section 8, and which within 180 days thereaf-

---

[1]The FEPC was replaced by the Department of Human Rights (DHR) and the Human Rights Commission (HRC) in 1979.

[2]The FEPA was replaced by the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 1—101 *et seq.*) in 1979.

ter has not been the subject of a complaint issued or an order that no complaint be issued, the person filing the charge may seek appropriate injunctive or other relief by filing an action in the circuit court of the county where the alleged unfair employment practice occurred." Ill. Rev. Stat. 1979, ch. 48, par. 858.01a.

On October 27, 1980, plaintiff filed in the circuit court of Cook County a complaint of employment discrimination against the defendant seeking reinstatement, back pay, fringe benefits, and costs and fees. Defendant's answer asserted that plaintiff had been terminated not for being hospitalized but for excessive absenteeism and that he had been replaced by another black male.

In February 1983, defendant filed a motion for summary judgment, alleging that as a matter of law plaintiff's claim had no merit since he was replaced by another black male, and that plaintiff was, therefore, unable to establish a *prima facie* case of racial discrimination. On May 27, 1983, the trial court accordingly entered summary judgment for the defendant. Plaintiff's motion for reconsideration was denied on September 24, 1983. On October 24, 1983, plaintiff filed his notice of appeal. In the trial court, neither party raised the issue of subject matter jurisdiction.

As noted, plaintiff's action in the trial court was brought pursuant to section 8.01a of the Illinois Fair Employment Practices Act, which in 1979 was replaced by the Illinois Human Rights Act (IHRA). Section 9—102(B) of the IHRA essentially re-enacted FEPA section 8.01a, which provided a remedy for individuals whose FEPA discrimination charges were not disposed of within the statutory period.

In 1981, the Illinois Supreme Court held section 9—102(B) of the IHRA unconstitutional as special legislation. Thus, section 9—102(B) is void, and no rights can be predicated upon it. *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489.

However, in *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148, the United States Supreme Court held that an employee's access to the FEPA's adjudicatory procedures was a property interest protected by the due process clause of the fourteenth amendment. The court therefore ruled that Logan had been deprived of this property interest without due process when administrative delay (for which Logan was not responsible) led to the dismissal of his complaint.

In *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, 436 N.E.2d 569, this court was confronted with the question of reconciling the *Wilson* and *Logan* decisions. We there stated that under *Lo-*

*gan* plaintiff had a protected property interest in the resolution of his employment discrimination claim and that he could not be constitutionally deprived of that interest by the inaction of the FEPC. In assessing the minimum process due plaintiff, we said:

> "Lott is entitled to have the Department of Human Rights and the Human Rights Commission (the successors to the FEPC) consider the merits of his discrimination charge in accordance with the procedures set out in articles 7 and 8 of the IHRA. The IHRA provides that the Department of Human Rights must accept and investigate charges of civil rights violations. The Department may, upon determining that there is no substantial evidence of a violation, dismiss the complaint. When a complaint is supported by sufficient evidence and there has been no settlement or adjustment through conciliation, the Department must file a written complaint with the Human Rights Commission, which is empowered to adjudicate the dispute and enforce its findings. See Ill. Rev. Stat., 1980 Supp., ch. 68, pars. 7—102, 8—102.

> It follows that the Department of Human Rights and the Human Rights Commission are necessary parties in this action. Upon remand to the trial court, plaintiff should be permitted to amend his complaint and add these entities as parties defendant. (See Ill. Rev. Stat. 1979, ch. 110, par. 26 (new parties may be added, by order of court, at any stage of the cause, as justice may require).) The trial court should then order the Department to accept and process plaintiff's charge as set out in the IHRA. We foresee no limitations problem here, as plaintiff's original charge was timely brought before the FEPC." 106 Ill. App. 3d 851, 855.

In *McClandon v. Bell & Howell Schools* (1983), 112 Ill. App. 3d 367, 445 N.E.2d 362, this court reaffirmed the reasoning of *Lott*, holding that a plaintiff in a circuit court proceeding pursuant to section 8.01a of the FEPA (Ill. Rev. Stat. 1979, ch. 48, par. 858.01a, replaced by section 9—102(B)1 of the IHRA), whose cause was dismissed for lack of jurisdiction after he charged a defendant employer with racial discrimination was in a "similar position" to the plaintiff in *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, 436 N.E.2d 569. Thus, the cause was remanded for further proceedings with instructions that the Department of Human Rights and the Human Rights Commission be added as parties defendants.

Again, in *Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 446 N.E.2d 896, the plaintiff had filed a complaint in the circuit court

pursuant to section 8.01a of the FEPA, alleging that he had been discriminated against by the defendant on the basis of sex and physical disability. Defendant asserted in a successful motion for summary judgment that the statutory provision under which plaintiff filed her complaint had been declared unconstitutional in *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489. On appeal, this court stated:

> "The facts of the present case mirror very closely those presented in *Lott*. Here, as in *Lott*, the plaintiff was prevented from having her employment discrimination claim disposed of before the FEPC due to the administrative inaction of the Commission; was denied relief in the trial court; and did not raise on review the theory of relief which would justify the appellate court in reversing and remanding the cause. Similar to *Lott*, here the plaintiff's claim was timely filed before the Commission, as it was brought less than 180 days after the unfair employment practice allegedly occurred [citation]. We adopt the rationale employed in *Lott* and adhere to the result reached in that case, \*\*\*."

Plaintiff in the present cause is in a posture similar to plaintiffs in *Lott, McClandon* and *Sauers*. He filed his original charge against the defendant within 180 days of the time when the alleged unfair employment practice occurred; he was prevented from having his claim disposed of by the FEPC because of administrative inaction; and he was denied relief in the trial court. Thus it would appear that he is entitled to the same relief afforded those plaintiffs: remandment to the trial court with permission to join the Human Rights Commission and the Department of Human Rights as necessary party defendants; and an order from the trial court to those entities to accept and process plaintiff's charge.

Defendant argues, however, without citation to authority, that plaintiff has "waived his right to seek a hearing before the Human Rights Commission" because he failed to request such a hearing in the trial court. We do not agree. In *Logan*, the United States Supreme Court held that the right to a hearing was a property interest protected by the due process clause of the fourteenth amendment of the United States Constitution. It is well established that waivers of constitutional rights are not to be lightly inferred and that every reasonable presumption against such waiver should be indulged. (*Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983.) Under the circumstances of this case, we find no waiver of plaintiff's constitutional right to a hearing.

In our opinion, plaintiff must be afforded the opportunity for a hearing, as were the plaintiffs in *Lott, McClandon* and *Sauers.*

For the reasons stated herein, the order of summary judgment is vacated, and this cause is remanded to the trial court, with directions that the plaintiff be allowed to join the Department of Human Rights and the Human Rights Commission as parties defendants, and that the trial court order the Department to accept and process plaintiff's charge as set out in the IHRA.

Reversed and remanded.

HARTMAN, P.J., and STAMOS, J., concur.